UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| SAMUEL WAYNE BOSTON, | ) | CIV. 05-4188-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DOUGLAS WEBER, Warden, South | ) | |
| Dakota State Penitentiary; and | ) | |
| LARRY LONG, Attorney | ) | |
| General, State of South Dakota, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, Samuel Boston, filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 on December 20, 2005.  On January 3, 2006,

Magistrate Judge Marshall Young recommended that Boston's petition be

denied.  After reviewing Magistrate Judge Young's Findings and

Recommendations, the court questioned whether Boston's petition for writ of

habeas corpus was timely filed.  See Docket 26.  Accordingly, the court afforded

each side the opportunity to present their position regarding the timeliness of

Boston's petition, whether prejudice resulted from the delay attributed to the

limitations issue, and whether justice would be better served by addressing the

merits of the case.  In response to the court's order, respondents, Douglas

Weber and Larry Long, moved to dismiss Boston's underlying petition based on

untimeliness, to which Boston responded.  Boston also filed a brief in response

to the court's order, to which respondents responded.  Respondents also moved

for permission to amend their original answer to Boston's petition for writ of habeas corpus.  Boston's petition is dismissed as time barred.

## FACTS

Boston was convicted of second-degree murder by a Custer County jury on May 3, 2002.  Petition for Writ of Habeas Corpus (Docket 1) at 1.  Circuit Court Judge Janine M. Kern sentenced Boston to life in prison without possibility of parole.  Id.  Boston appealed his conviction to the South Dakota Supreme Court, rasing five issues: (1) Whether the trial court erred in denying Boston's motion for judgment of acquittal; (2) Whether the trial court abused its discretion by admitting evidence of Boston's sexual orientation; (3) Whether the trial court abused its discretion when it denied Boston's motion for a new trial based on exculpatory evidence not produced before trial; (4) Whether the trial court abused its discretion by denying admission of Boston's psychiatric records; and (5) Whether the trial court abused its discretion when it denied Boston's motion to a new trial based on prosecutorial misconduct.  State v. Boston, 2003 SD 71, ¶ 4, 665 N.W.2d 100, 103.  Boston's conviction was upheld by the South Dakota Supreme Court on June 11, 2003.  Id.

Boston then filed a petition for a writ of habeas corpus in state circuit court.  Petition for Writ of Habeas Corpus.  Docket 1 at 2. Boston claims that he filed his state petition on November 12, 2003.  Id.  Although the state petition was signed by Boston and notarized by his attorney on November 12, 2003, the petition was not filed with the circuit court until January 15, 2004.

2

Application for Writ of Habeas Corpus, <u>Boston v. Weber</u>, Seventh Judicial Circuit, Civ-04-007.

Boston's state habeas petition alleged eleven violations of his right to effective assistance of counsel by his trial attorneys, namely:

5(a).   Trial counsel failed to preserve a pretrial motion in limine relating to petitioner's sexual orientation and allowed the issue to be used as impeachment against petitioner.

5(b).   Trial counsel failed to object to witness John Walker attempting to use petitioner's sexual orientation as a motive for the murder of the victim.

5(c).   Trial counsel failed to submit a limiting instruction relating to the use of Walker's testimony concerning a previous declaration regarding Boston's sexual orientation.

5(d).   Trial counsel failed to review and inspect all photographs in possession of the state, particularly those taken by Mark Bryan.

5(e).   Trial counsel failed to present photographs taken by Mark Bryan which would have proved a basis and explanation for photographs taken of the victim and presented to the jury.

5(f).   Trial counsel failed to personally insure that Boston's expert witness had received autopsy photographs.

5(g).   Trial counsel failed to prepare expert witness for cross-examination and allowed the witness to be discredited.

5(h).   Trial counsel failed to make an offer of proof as to Boston's diagnoses of mental illness.

5(i).   Trial counsel failed to object to prejudicial statements during closing arguments.

5(j).   Trial counsel failed to poll the jury regarding the possibility of a compromise verdict.

5(k).   Trial counsel failed to effectively represent Boston as a reasonably competent attorney should have.

Application for Writ of Habeas Corpus, <u>Boston v. Weber</u>, Seventh Judicial Circuit, Civ-04-007.

Boston also alleged three violations of his right to due process, namely:

6(a).   The state failed to disclose the contents of photographs taken by Mark Bryan, which was exculpatory evidence.

6(b).   The state failed to disclose the contents of an interview between DCI agent Walker and Army Public Affairs Officer McDowell, which acknowledged that Boston did not have the military training to strangle the victim in the manner the state alleged at trial.

6(c).   The state failed to disclose Agent Walker's testimony regarding the manner and nature of Walker's own military training and that it was significantly different from Boston's military training, and that the testimony to the jury was false and misleading.

<u>Id.</u> at 5-6.

4

Finally, Boston alleged his right to confrontation was violated when the state failed to disclose exculpatory witness McDowell who would have testified that Boston did not possess the skill or Army training to strangle the victim in the manner the state presented at trial.  Id. at 6.

On November 18, 2004, Circuit Court Judge Jeffrey W. Davis dismissed Boston's state application for habeas corpus.  Petition for Writ of Habeas Corpus.  Docket 1 at 2.  On December 6, 2004, Boston filed a Motion for Certificate of Probable Cause with the South Dakota Supreme Court.  Id. at 3. The South Dakota Supreme Court denied Boston's motion for a certificate of probable cause on January 7, 2005.  Id.

On December 20, 2005, Boston filed a petition of habeas corpus with this court pursuant to 28 U.S.C. § 2254.  The case was referred to United States Magistrate Judge Marshall P. Young on January 3, 2006, for a Report and Recommendation.  In his federal petition, Boston raised fifteen alleged violations of ineffective assistance of counsel and five other grounds for relief.

On June 27, 2006, Magistrate Judge Young recommended that Boston's petition be denied.  Magistrate Judge Young determined that none of the Supreme Court of South Dakota's decisions involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, which is the standard that the Supreme Court articulated in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000), regarding federal habeas petitions.  Boston objected to Magistrate

5

Judge Young's findings, arguing that the state court's decision was contrary to clearly established federal law.

After reviewing Magistrate Judge Young's Proposed Findings and Recommendations, this court questioned whether Boston's petition for writ of habeas corpus was timely filed.  See Docket 26.  Accordingly, the court afforded each side the opportunity to present their position regarding the timeliness of Boston's petition, whether Boston would be prejudiced by the delay attributed to the limitations issue, and whether justice would be better served by addressing the merits of the case.  After considering the positions of both sides, the court concludes that Boston's petition should be dismissed as time barred. In the alternative, the court concludes that Boston's petition should be dismissed as a mixed petition.

## STANDARD OF REVIEW

Section 2254 of Title 28, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), governs a district court's authority to grant writs of habeas corpus to state prisoners.  Section 2254 provides that a writ of habeas corpus should "not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless," the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or unless the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented . . . ."  28 U.S.C. § 2254(d).

## DISCUSSION

**A.   Boston's Petition is Untimely**

In his response to the court's December 6, 2006 order, Boston raises

three arguments concerning the court's observation that his petition may have

been untimely.  First, Boston argues that his petition was timely.  Second,

Boston argues that if his petition was untimely, that equity would nonetheless

allow the court to consider his claim that he was represented by counsel and

the failure to file a timely claim should be attributed to his lawyer.  Third,

Boston argues that respondents have waived timeliness as a defense and thus,

his claim should not be barred.

**1.     Timeliness of Boston's Petition**

The AEDPA mandates that state prisoners who seek federal habeas relief

file their petition within one year of when their state conviction becomes final.

28 U.S.C. § 2244(d)(1)(A).  The Eighth Circuit has held that a state conviction

becomes final after all direct appeals in the state system are final, followed by

the 90 days which are allotted to file a petition for writ of certiorari to the

United States Supreme Court.  Curtiss v. Mount Pleasant Correctional Facility,

338 F.3d 851, 853 (8th Cir. 2003); Sup. Ct. R. 13.  Boston's direct appeal to the

South Dakota Supreme Court was decided on June 11, 2003.  State v. Boston,

2003 SD 71, 665 N.W.2d 100.  Boston's conviction became final 90 days later

on September 9, 2003.  At this point the one-year statute of limitations began

to run.

7

The one-year statute of limitations prescribed by the AEDPA, however, is tolled while the petitioner has a properly filed post-conviction or other collateral attack "pending" in the state court, such as a state habeas proceeding.  28 U.S.C. § 2244(d)(2).  The Eighth Circuit has held that the statute of limitations does not begin to toll until the petitioner actually files a motion for post-conviction relief and runs from the time that the conviction becomes final until such a motion is filed.  See Curtiss, 338 F.3d at 854.  "A review of our cases makes clear . . . that the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year [federal statute of limitations] period."  Id.

Boston claims that he filed his state habeas petition on November 12, 2003, 64 days after the one-year statute of limitations had begun to run.  Docket 1 at 2.  In fact, Boston did not file his state habeas petition until January 15, 2004, 128 days after the statute of limitations had begun to run.  Application for Writ of Habeas Corpus, Boston v. Weber, Seventh Judicial Circuit Civ-04-007.  Boston's state habeas petition was dismissed by the state circuit court November 18, 2004.  Docket 1 at 2.  The South Dakota Supreme Court denied Boston's motion for a certificate of probable cause on January 7, 2005.  Id. at 3.  At this point the one-year statute of limitations, which had already run for 128 days, began to run again.  Boston filed his federal petition for writ of habeas corpus on December 20, 2005, after an additional 347 days

had passed.  Excluding the time in which the statute of limitations was tolled, 475 days had elapsed between the time that Boston's conviction had become final and the filing of his federal petition for writ of habeas corpus.[1]

Boston nonetheless argues that his petition is timely.  Boston's argument is premised on the notion that the AEDPA statute of limitations did not begin to run until his state habeas action was terminated, and did not run at all between the date his conviction became final and the commencement of his state habeas action because his petition was "pending" pursuant to § 2244. This rationale is contrary to the Eighth Circuit holding in Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001), however, which expressly held that the time between the conclusion of direct review and the filing of a collateral attack counts against the AEDPA statute of limitations.  Boston contends that the Supreme Court's decision in Carey v. Saffold, 536 U.S. 214, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) and the Eighth Circuit's analysis of Saffold in Curtiss, suggest that Painter has been overruled.  As recently as 2005, however, the Eighth Circuit has continued to rely on Painter for the proposition that "[s]tate proceedings are not pending during the time between the end of direct review and the date an application for state PCR [post-conviction relief] is filed." Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005).  Accordingly, until the Eighth Circuit finds otherwise, Painter remains good law and the time between

---

[1] Even if Boston's state habeas petition was deemed filed on November 12, 2003, as Boston claims, 411 days had elapsed, which exceeds the one-year statute of limitations under the AEDPA.

the end of direct review and the date that a state petition for writ of habeas corpus is filed is counted against the AEDPA statute of limitations.  Therefore, in accordance with the current law of the Eighth Circuit, Boston's petition is untimely.

### 2.     Prejudice and Service of Justice

Boston's second argument is that if his petition was untimely filed, he is entitled to equitable tolling because the delay was caused by his counsel's failure to understand the tolling provisions of AEDPA.  The Supreme Court has concluded, however, that "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007).  As in Lawrence, a miscalculation or misunderstanding of the AEDPA's tolling provisions by Boston's attorney(s) does not excuse the untimeliness of his petition.

### 3.     Waiver

Boston's third argument is that respondents waived the defense of timeliness and therefore the court should not conclude that his petition is time barred.  The Supreme Court in Day v. McDonough, 547 U.S. 198, 126 S. Ct. 1675, 1685 n.11, 164 L. Ed. 2d 376 (2006 ) noted that if a state did "intelligently choose to waive a statute of limitations defense, a district court would not be at liberty to disregard that choice." Id.  In Day, the state addressed the AEDPA's statute of limitations when it conceded in its response

10

that the petition was timely and that it was "filed after 352 days of untolled time."  See id. at 1679. After finding that this was not an "intelligent waiver on the State's part," the Court held that even though the state had responded, and through miscalculation, agreed that the petition was timely, "the federal court had discretion to correct the "State's error" and dismiss the petition.  Id.  In the instant case, respondents did not raise the issue of timeliness in their petition, nor did they respond to Judge Young's proposed conclusion of law that the petition was timely.  But after the district court's inquiry, respondents did move to amend their answer to affirmatively raise the statute of limitations defense.  If the facts in Day are not indicative of an intelligent waiver, neither are they here.

**B.    Even if Timely, Boston's Petition Should Be Dismissed as a Mixed Petition**

This court may not consider a claim for relief in a habeas petition if the petitioner has not exhausted his state remedies.  28 U.S.C. § 2254(b). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed.2d 1 (1999).  If a ground for relief in the petitioner's claim makes factual or legal arguments that were not present in the petitioner's state claim, then the ground is not exhausted.  See Kenley v. Armontrout, 937 F.2d 1298, 1302 (8th Cir. 1991).  The exhaustion doctrine protects the state courts' role in enforcing

11

federal law and prevents the disruption of state judicial proceedings.  Rose v.

Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203, 71 L. Ed. 2d 379 (1982).

> Because "it would be unseemly in our dual system of government
> for a federal district court to upset a state court conviction without
> an opportunity to the state courts to correct a constitutional
> violation," federal courts apply the doctrine of comity, which
> "teaches that one court should defer action on causes properly
> within its jurisdiction until the courts of another sovereignty with
> concurrent powers, and already cognizant of the litigation, have
> had an opportunity to pass upon the matter."

Id. (quoting Darr v. Burford, 339 U.S. 200, 204, 70 S. Ct. 587, 590, 94 L. Ed.

761 (1950)).  This rule requires state prisoners to seek complete relief on all

claims in state court prior to filing a writ of habeas corpus in federal court.

Federal courts should, therefore, dismiss a petition for a writ of habeas corpus

that contains claims that the petitioner did not exhaust at the state level.

Lundy, 455 U.S. at 522, 28 U.S.C. § 2254.

"A claim is considered exhausted when the petitioner has afforded the

highest state court a fair opportunity to rule on the factual and theoretical

substance of his claim."  Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

A federal court must determine whether the petitioner fairly presented an issue

to the state courts in a federal constitutional context.  Satter v. Leapley, 977

F.2d 1259, 1262 (8th Cir. 1992).  Exhaustion does not always necessitate a

petition for post-conviction relief at the state level.  "To satisfy exhaustion

requirements, a habeas petitioner who has, on direct appeal, raised a claim

that is decided on its merits need not raise it again in a state post-conviction proceeding." Id.

A four-step analysis governs whether a claim presented to a federal court has been exhausted. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). First, "the court must determine if the petitioner fairly presented the federal constitutional dimensions of his federal habeas corpus claim to the state courts." Id. If not, the federal court must next consider whether the exhaustion requirement is nevertheless met because no "currently available, non-futile state remedies through which petitioner can present his claim" exist. Id. (citing Laws v. Armontrout, 834 F.2d 1401, 1412 (8th Cir. 1987). If a state remedy does not exist, the court must determine whether petitioner has demonstrated "adequate cause to excuse his failure to raise the claim in state court properly." Id. (citing Laws, 834 F.2d at 1415). If petitioner has shown sufficient cause, the court must decide whether he has "shown actual prejudice to his defense resulting from the state court's failure to address the merits of the claim." Id. The petitioner must prevail at each step of the analysis to prevent dismissal of his petition. Id.

### 1.    Claims Presented to the State Court

Fairly presenting a federal claim requires more than simply going through the state courts:

> The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts.

13

> Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.

Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971).  It is also not enough for the petitioner to assert facts necessary to support a federal claim or to assert a similar state-law claim.  Ashker, 5 F.3d at 1179.  The petitioner must present both the factual and legal premises of the federal claims to the state court.  Smittie, 843 F.2d at 297 (citing Laws, 834 F.2d at 1412).  "The petitioner must 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.' " Ashker, 5 F.3d at 1179.  This does not, however, require petitioner to cite "book and verse on the federal constitution." Picard, 404 U.S. at 278 (citing Daugharty v. Gladden, 257 F.2d 750, 758 (9th Cir. 1958)).  The petitioner must simply make apparent the constitutional substance of the claim.  Satter, 977 F.2d at 1262.

Respondents contend that several of Boston's grounds for relief in his federal habeas petition were not raised in his state petition or on direct appeal.  Ground 16(e) of Boston's federal petition alleges that trial counsel failed to ensure that the transcript of the motion hearing where the trial court ruled on admission of evidence of Boston's sexual orientation was in the appellate record, which prevented the Supreme Court from finding that the trial court

14

had abused its discretion.  The South Dakota Supreme Court did state that the motion hearing transcript "is not in the record nor is it listed in the index to the record."  Boston, 665 N.W.2d at 105.  The court also said that "[w]ithout the motion hearing transcript, and no showing of prejudice, the Defendant fails to show that the trial court abused its discretion in admitting this evidence."  Id. Ground 5(a) of Boston's state habeas petition does raise the issue that it was ineffective assistance of counsel not to preserve the pretrial motion in limine relating to Boston's sexual orientation, but it does not make a factual reference to counsel's failure to preserve the transcript of that hearing in the appellate record.  Boston has not presented the factual basis of this claim to the South Dakota courts, which should be allowed to determine if it was ineffective assistance of counsel to fail to ensure the transcript was in the appellate record.

Ground 16(k) of Boston's federal habeas petition alleges that trial counsel failed to object to the trial testimony of DCI agent John Walker, who had not been disclosed as a potential expert witness and should not have been allowed to testify regarding strangulation techniques.  In his state habeas petition, Boston contends that it was ineffective assistance of his counsel not to object to Walker's testimony concerning Boston's sexual orientation as a motive for the crime.  This, however, is a factually different claim and thus the South Dakota courts have not yet had the opportunity to determine if it was

15

ineffective assistance of counsel for trial counsel not to object properly to Walker's testimony concerning strangulation techniques.  As the Supreme Court has said, the exhaustion rule would "serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts." Picard, 404 U.S. at 276.  Although Boston has presented his claim that it was ineffective assistance of counsel for trial counsel not to object to Walker's statements concerning Boston's sexuality to the South Dakota courts, he has not raised the claim that it was ineffective assistance of counsel for counsel not to object to Walker's statements regarding strangulation. Therefore, Boston has raised two grounds for relief in his federal habeas petition that he did not present to the state courts.

### 2.   Available Non-Futile State Remedies

"Only after some clear manifestation on the record that a state court will not entertain petitioner's constitutional claims even if fairly presented will the exhaustion requirement be disregarded as futile." Smittie, 843 F.2d at 297. The correct inquiry focuses on whether state law has a presently available procedure for determining the merits of the petitioner's claim, not whether the state would decide in favor of the petitioner.  Snethen v. Nix, 736 F.2d 1241, 1245 (8th Cir. 1984).  Comity dictates that federal courts should not avoid the exhaustion requirement by attempting to predict how a state court will likely decide the merits of a claim.  Id.

16

Boston has not demonstrated that current, non-futile state remedies do not exist for the two claims that he failed to present to the state courts.  SDCL 21-27-16.1 states:

> Any ground not raised, finally adjudicated or knowingly and understandingly waived in the proceedings resulting in his conviction or sentence or in any other proceeding that the applicant has taken to secure relief from his conviction, or sentence, may not be the basis for a subsequent application, unless the court finds grounds for relief asserted which for reasonable cause were omitted or inadequately raised in the original, supplemental, or amended application.

The Eighth Circuit has held that because a petitioner may file a subsequent petition for habeas relief in state court upon a showing of reasonable cause for omitting or inadequately raising a ground in his original petition, a non-futile state court remedy remains available to the petitioner.  Ashker v. Leapley, 5 F.3d at 1180.

Boston must, therefore, exhaust the state habeas procedure before a federal court can entertain his habeas petition.  This court need not examine the final two factors relating to cause and prejudice because Boston raises unexhausted claims for which non-futile state procedures exist.  Accordingly, it is hereby

ORDERED that Boston's federal petition for writ of habeas corpus (Docket 1) is dismissed.

IT IS FURTHER ORDERED that respondents' motion to dismiss (Docket 28) is denied as moot.

17

IT IS FURTHER ORDERED that respondents' motion to amend answer (Docket 34) is denied as moot.

Dated April 17, 2007.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE